Benjamin M. Lopatin, Esq.
Cal. Bar No. 281730
**EGGNATZ, LOPATIN & PASCUCCI, LLP**
1425 Irving Street
San Francisco, California 94122
Telephone:     (415) 379-4612
Facsimile:     (415) 520-2262
Email:         BLopatin@ELPLawyers.com

James P. Gitkin, Esq.
**Salpeter Gitkin, LLP**
One East Broward Blvd., Suite 1500
Ft. Lauderdale, FL 33301
Phone 954-467-8622
Facsimile 954-467-8623
Direct Dial 954-302-6391
Email: jim@salpetergitkin.com
(To be Admitted *Pro Hac Vice*)

*Counsel for Plaintiff Vivian Lejbman*
*and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **VIVIAN LEJBMAN** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TRANSNATIONAL FOODS, INC.**, a Florida corporation, and **CONSERVAS CERQUEIRA, S.A.**, a foreign corporation,<br><br>Defendants. | CASE NO.:   **'17 CV1317 CAB MDD**<br><br>JUDGE:<br><br><u>**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**</u><br><br>**CLASS ACTION**<br><br>*JURY TRIAL DEMANDED* |

Plaintiff, VIVIAN LEJBMAN ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through the undersigned counsel, and pursuant to all applicable *Federal Rules of Civil Procedure*, hereby files this Class Action Complaint for Equitable Relief and Damages against Defendants, TRANSNATIONAL FOODS, INC. ("Transnational" or "Defendant"), and CONSERVAS CERQUEIRA, S.A. ("Cerqueira" or "Defendant") (collectively, "Defendants"), and alleges the following:

## I. <u>INTRODUCTION</u>

1.      This is a consumer protection class action based on Defendants' co-dependent scheme in marketing, advertising, labeling, packaging, distributing, and selling its Pampa Octopus, available in the following flavor varieties: (1) Pampa Octopus in Garlic Sauce; (2) Pampa Giant Spiced Octopus in Marinara Sauce; and (3) Pampa Fancy Octopus in Vegetable Oil (collectively the "Product"), based on false, deceptive, unfair, and/or misleading affirmative representations and omissions that are likely to mislead reasonable consumers who purchased the Product, like Plaintiff and members of the proposed Class, because the Product is not Octopus, but is actually Squid (also known as Calamari), which is an inferior form of seafood that is cheaper than Octopus.

2.      The Product's representations and omissions deceive and mislead reasonable consumers to believe that the Product is Octopus, when in reality, it is Squid, which is cheaper, lower quality and more abundant than actual Octopus, which is a rarer and highly sought after food delicacy than Squid.

3.      As the supplier of the Squid, Cerqueira knows or should know that it is not Octopus.  However, despite this, Cerqueira caused the Product to be called Octopus because the Defendants both profit far more by selling cheap Squid as Octopus, to the detriment of reasonable consumers, like Plaintiff and members of the Class.

4.      Plaintiff and members of the putative Class have suffered injury in fact, lost money or property, and suffered economic damages as a result of Defendants' wrongful conduct in calling the Product Octopus, when it is really Squid.

Class Action Complaint

5.     Plaintiff brings this class action individually, and on behalf of all other similarly situated purchasers of the Product, throughout the United States—or alternatively throughout the State of California ("Class")—during the Class Period (defined as the period extending four-years prior to the date of filing this Complaint, up to and including the date that Notice has been provided to the Class), seeking actual damages, statutory damages, punitive damages, restitution, disgorgement, injunctive relief, and all other available remedies and relief against Defendants, for their unlawful distribution, sales, marketing, and advertising of the Product as being Octopus when it is really Squid.

6.     Plaintiff expressly does not seek to impose or enforce any obligations, laws, rules, or regulations on the Defendants above or beyond those required by federal law.

## II. JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

8.     Pursuant to 28 U.S.C. § 1332(d)(2)(A), Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00, in the aggregate, exclusive of interest and costs, and as set forth below, diversity of citizenship exists under CAFA because Plaintiff is a citizen of the State of California, and Defendants can be considered citizens of States other than California. This Court has personal jurisdiction over Defendants because, *inter alia*, Plaintiff's claims against Defendants accrued within this jurisdiction and judicial District.

9.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because Defendants conduct business in, and may be found in, this judicial District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial District. The Declaration of Benjamin M. Lopatin, pursuant to Civil Code § 1780(c) of the Consumers Legal

Remedies Act, Civil Code §§ 1750, *et seq*. ("CLRA"), regarding venue, is submitted concurrently with this Complaint and is fully incorporated herein by reference.

### III. <u>PARTIES</u>

10.     Plaintiff, Vivian Lejbman, is an individual, over the age of 18, and is a citizen of the State of California, and resident of San Diego County.

11.     Plaintiff believes the allegations contained herein to be true.  All allegations herein are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity to conduct discovery.

12.     Transnational Foods, Inc., is a for profit corporation organized under the laws of the State of Florida, with its principal place of business located at 1110 Brickell Ave., Suite 808, Miami, FL 33131.  Transnational lists with the California Secretary of State, a Registered Agent designated as Corporate Creations Network Inc., located at 1430 Truxtun Avenue, 5th Floor, Bakersfield, California 93301. Transnational can be considered a "citizen" of the State of Florida for diversity purposes.

13.     At all times material hereto, Cerqueira was and is a foreign for profit corporation, located in Spain at Calle de Tomas Alonso, 80, 36208 Vigo, Pontevedra, Galicia. Cerqueira has substantial business relationships in the United States, by virtue of its partnerships, joint ventures, and/or contractual  relationships with United States based entities it does business with and/or that sell its food products throughout the Country, including Transnational. Cerqueira has also engaged in substantial activity within the State of California, by, *inter alia*, having conspired to have Cerqueira's Squid  sold as being Octopus,  and has, therefore, subjected itself to the  jurisdiction of the Courts of this State, pursuant to Cal. Civ. Proc. Code § 410.10 (California's Long-Arm Statute).

14.     Plaintiff is informed and believes, and thereon alleges, that Defendants and its employees, subsidiaries, affiliates and other related entities, were, agents, servants and employees of each other, and, each was acting within the purpose and scope of said agency and employment.

15.     Whenever referring to any acts or transactions of Defendants, such allegations shall be deemed to mean that the principals, officers, directors, employees, agents, and/or

Class Action Complaint

representatives of Defendants committed, knew of, performed, authorized, ratified and/or directed such act or transaction for Defendants while engaged in the scope of their duties.

### IV. FACTUAL ALLEGATIONS

16.     Throughout the Class Period, Transnational Foods, Inc. ("Transnational") has represented, advertised, marketed, labeled, distributed, and sold Squid (also known as Calamari) as being Octopus in its Pampa Octopus, available in the following flavor varieties: (1) Pampa Octopus in Garlic Sauce; (2) Pampa Giant Spiced Octopus in Marinara Sauce; and (3) Pampa Fancy Octopus in Vegetable Oil (collectively the "Product").

17.     Throughout the Class Period, Conservas Cerqueira, S.A. ("Cerqueira"), has supplied, distributed, represented and sold the Squid in the Product as being Octopus, and otherwise conspired and acted in concert with Transnational in the unlawful scheme.

18.     Transnational is a food product brand with an array of grains, condiments, rice, seafood, pastas, olive oils, marinades and such other foods, which appear to cater to predominantly Hispanic communities. Its food products are sold at small and large retailers, including supermarkets,  pharmacy chains, big box stores, and online throughout the United States.

19.     Cerqueira is a large seafood supplier and cannery that supplies various seafood products to United States based brands.  At all times relevant, and during the relevant class period, it supplied and supplies the Product to Transnational.

20.     Transnational has labeled and sold its Octopus Products as Octopus (or pulpo in Spanish).

21.     The word "Octopus" or "Pulpo" is prominently displayed on the label of the Product. Nowhere on the box does it state that the Octopus Products contain Squid instead of Octopus. This bait and switch is  occurring, and has occurred throughout the Class Period, causing harm and economic damages to purchasers of the Product.

### The Product is Not Octopus

22.     Octopus and Squid are both cephalopods, but are otherwise completely different species.

Class Action Complaint

23.    The scientific classification for Jumbo Squid, for example, is as follows:

| Kingdom | Animalia |
|---------|----------|
| Phylum | Mollusca |
| Class | Cephalopoda |
| Order | Teuthida |
| Family | Ommastrephidae |
| Genus | Dosidicus |
| Species | Dosidicus gigas |

24.    The scientific classification of Octopus is as follows:

| Kingdom | Animalia |
|---------|----------|
| Phylum | Mollusca |
| Class | Cephalopoda |
| Order | Octopoda |
| Family | Octopodidae |
| Genus | Octopus |
| Species | Octopus vulgaris |

25.    In recent years, the cost of Octopus has increased rapidly as Octopus populations have dwindled around the world due to over-fishing. In 2005, the European Union imposed new restrictions on Octopus fishing because the Octopus might be at risk of dying out from overfishing. Commission Takes Action to Safeguard Octopus Stocks, Oct. 12, 2005, European Commission Press Release, *available at* http://europa.eu/rapid/press-release_IP-05-1262_en.htm.

26.    In July 2014, it was reported that Octopus supplies had fallen, causing a dramatic increase in the price of Octopus ("[a] 45 percent decline in supply is pushing prices of octopus in Japan 50 to 60 percent higher than the same time period last year. In May, the volume of frozen uncooked octopus sold at public wholesale auctions in Tokyo was down 16 percent, while the price was up 30 percent from the same month in 2013"). Loew, Chris, *Japan Octopus Prices Up On Short West African Supply*, July 17, 2014, SeafoodSource.com, *available at*

https://www.seafoodsource.com/news/supply-trade/japan-octopus-prices-up-on-short-west-african-supply.

27.    At the same time that Octopus populations have been declining, Squid populations have been thriving. In May 2013, Stanford biologist William Gilly gave a TED talk in which he explained that the Squid is thriving due to its ability to adapt to changing ocean conditions caused by global warming. *See TEDxStanford Highlights Breakthroughs in Research and Creativity, Stanford-style,* May 13, 2013, Stanford News, *available at* http://news.stanford.edu/news/2013/may/tedx-at-stanford-051213.html.

28.    As a result of these developments, the cost of Octopus has risen dramatically compared to the cost of Squid. In addition, due to similarities in texture, Squid can easily be substituted for Octopus particularly when sold in a sauce like garlic sauce or marinara sauce.

29.    Plaintiff is informed and believes that Transnational and Cerqueira have intentionally replaced the Octopus in its Octopus Products with Squid as a cheap substitute to save money because they knew an ordinary consumer would have trouble distinguishing the difference.

30.    Defendants have unlawfully profited through their marketing, advertising, labeling, packaging, distributing, and selling of the Product as being Octopus on the front labeling of the Product, because the statement is a false, deceptive, and an unfair affirmative representation likely to mislead reasonable consumers who purchase the Product believing it to be Octopus, when it is really Squid.

31.    Accordingly, the advertising, marketing, and labeling for the Product is deceptive and misleading because reasonable consumers are led to believe that the Product is of a higher grade and quality than its true value because it is not Octopus, but rather Squid.

32.    Defendants capitalize on their superior knowledge of the Octopus and Squid industry, and consumers' inability to discern the truth about the Product from its label.

33.    Defendants induce consumers to purchase the Product by representing that the Product is Octopus.

Class Action Complaint

34.    Defendants, as reputable suppliers and distributors of Octopus, know or should know that the Product is not Octopus.

**Defendants Acted Together in Misrepresenting that the Product is Octopus**

35.    Upon information and belief, Cerqueira is liable as the supplier because Cerqueira directly engages in the deceptive misrepresentation that the Product is Octopus when it is really Squid.

36.    Upon information and belief, Cerqueira, had or has the right to control the nature and content of Transnational's labels, and/or did control them, and is thus a participant in the consumer transactions with Plaintiff and members of the Class.

37.    Upon information and belief, Defendant, Cerqueira, also misrepresented, omitted, or falsified information in export documentation in Spain, and/or import documentation in the United States, likely to commit the unlawful conduct alleged herein.

38.    Notwithstanding Cerqueira's directives to Transnational, Transnational is required to abide by, and not circumvent, state consumer protection laws.

39.    Transnational could and should have resisted Cerqueira's instructions by either calling the Product Squid, instead of Octopus, or refusing to purchase from Cerqueira.

40.    Transnational imports and distributes food products, "either under its own brands or private labels, to supermarkets, convenience stores and other retail outlets throughout the United States." *See* Mann, Jr., Joseph A., *Miami-Based Transnational Foods Sells Quality, Low-Cost Foods Nationwide*, MiamiHerald.com, Dec. 27, 2016, *available at* http://www.miamiherald.com/news/business/biz-monday/article123145489.html.

41.    Defendants knowingly and intentionally hid the fact that the Product contains Squid so they could earn additional profit at the consumer's expense, like Plaintiff and members of the Class, who believed they were purchasing Octopus when they purchased the Product.

42.    As for a true pricing comparison of Octopus and Squid, as of April 7, 2017, on Amazon.com, using the search words "Pampa Octopus" and "Pampa Calamari," the Pampa Octopus in Garlic Sauce costs $53.94/4oz. tins; 6-count ($8.99/tin); and Pampa Giant Calamari in Garlic Sauce costs $29.49/4oz. tins; 6-count ($4.91/tin).

43.     Likewise, Pampa Spiced Octopus in Marinara Sauce, as of April 7, 2017, from Amazon.com, costs $23.98/4oz. tins; 3-count ($7.99/tin), and Pampa Giant Spiced Calamari in Marinara Sauce, costs $29.49/4oz. tins; 6-count ($4.91/tin).

44.     A cursory look at the pricing comparison in the preceding two paragraphs of the Pampa Octopus Products and Pampa's Calamari/Squid products, shows that each Octopus product costs $8.99 and $7.99, respectively, while the two Squid products cost $4.91 each.

45.     Therefore, Defendants misrepresented that their Squid products were Octopus during the Class Period, in order to charge more for Squid, by making Plaintiff and Class Members believe it was Octopus, by labeling it as Octopus, rather than Squid.

### **Plaintiff's Purchase of the Product**

46.     Plaintiff has purchased the Product in this judicial District during the Class Period (defined below), in reliance on the misleading labeling representations that the Product is Octopus. Based on the Octopus claims on the Product's front label, Plaintiff believed that the Product was Octopus when she purchased the Product, and this fact was the material reason for Plaintiff purchasing the Product.

47.     Had the Product not claimed to be Octopus, Plaintiff would not have purchased it, or alternatively, would not have purchased it at the premium price she did had she known it was Squid.

48.     Plaintiff has purchased the Product, Pampa Spiced Octopus in Marinara Sauce, on one or more occasions during 2016, from a Wal-Mart located in San Diego County, California. However, subsequent to purchasing the Product Plaintiff discovered that the Product is not Octopus, but is rather Squid, which is less expensive and less quality than Octopus, which is what Plaintiff intended to purchase when she bought the Product.

49.     Plaintiff would not have purchased the Product at all had Defendants not made the Octopus claims, which she read on the label in making her purchase decision, and/or Plaintiff would not have paid as much for the Product or purchased the Product at the price premium she did. Plaintiff and members of the putative Class relied, to their detriment, on Defendants' material statements regarding the Product being Octopus in making their decision to purchase the Product.

50.     Reasonable consumers, like Plaintiff and members of the putative Class, must and do rely on label representations and information on the Product's label in making their decision to purchase the Product. Plaintiff and members of the putative Class were among the intended recipients of Defendants' deceptive representations and/or omissions.

**<u>Defendants' Unlawful Conduct During the Class Period is Ongoing</u>**

51.     Defendants' false, misleading, and deceptive misrepresentations and/or omissions are likely to continue to deceive and mislead reasonable consumers, and the general public, absent a Court ruling in this class action, as Defendants already deceived and misled Plaintiff and members of the putative Class, and will continue to mislead consumers until it no longer is legally able to.

52.     Defendants made the deceptive representations and/or omissions related to the Product with the intent to induce Plaintiff's and other members of the putative Class' purchase of the Product.

53.     Defendants' deceptive representations and/or omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions.

54.     Thus, Plaintiff's and members of the putative Class' reliance upon Defendants' misleading and deceptive representations and/or omissions has been met and may be presumed.

55.     Furthermore, the materiality of those representations and/or omissions also establishes causation between Defendants' conduct and the injuries sustained by Plaintiff and members of the putative Class because they would not have purchased the Product if it did not claim to be "Octopus," or alternatively, they would not have paid as much for it.

56.     As an immediate, direct, and proximate result of Defendants' false, misleading, and deceptive representations and/or omissions, Defendants injured Plaintiff and members of the putative Class in that Plaintiff and members of the putative Class:

       a.   paid a sum of money for Product that were not as represented;

       b.   paid a premium price for Product that were not as represented;

Class Action Complaint

c.  were deprived the benefit of the bargain because the Product they purchased were different from what Defendants warranted;

d.  were deprived the benefit of the bargain because the Product they purchased had less value than what Defendants represented;

e.  did not receive the Product that measured up to their expectations as created by Defendants;

f.  received a Product that contained Squid, which was not the Octopus that was represented by Defendants;

g.  received a Product that was of a different quality than what Defendants promised; and

h.  were denied the benefit of truthful labels.

57.     Had Defendants not made the false, misleading, and deceptive representations and/or omissions, Plaintiff and members of the putative Class would not have purchased the Product and thus would not have been injured.

58.     Plaintiff and members of the putative Class all paid money for the Product.

59.     However, Plaintiff and members of the putative Class did not obtain the full value of the advertised Product due to Defendants' misrepresentations and/or omissions.

60.     Plaintiff and members of the putative Class purchased, purchased more of, or paid more for the Product than they would have, had they known the truth about the Product.

61.     Plaintiff and putative Class members suffered economic damages as a result of purchasing the valueless, worthless, and/or inferior Product in light of what they intended to purchase.

62.     Specifically, Plaintiff contends there is no market value for a misbranded Product, so Plaintiff and members of the Class are entitled to reimbursement of the full purchase price for each and every purchase of the Product during the Class Period.

63.     Plaintiff and members of the putative Class are further entitled to declaratory and equitable relief, including, but not limited to, injunctive relief, restitution, and/or disgorgement. Plaintiff and members of the putative Class seek injunctive relief in the form of an Order

prohibiting Defendants from selling the Product claiming to be Octopus or Squid until it is sorted out what is really in the Product currently on the local grocery store's shelves.

64.     Plaintiff also seeks restitution for monies wrongfully obtained by Defendants and disgorgement of all ill-gotten revenues and/or profits from the sale of the Product.

## V. <u>CLASS ACTION ALLEGATIONS</u>

65.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

66.     This action is maintainable as a class action under Rule 23(a) and (b)(3) of the *Federal Rules of Civil Procedure.*

67.     Pursuant to *Federal Rule of Civil Procedure* 23 and Cal. Civil Code § 1781, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

> **all persons in the United States who have purchased the**
> **Product for personal use and not for resale, from the period**
> **extending four-years prior to the date of filing this Complaint,**
> **up to and including the date that Notice has been provided to**
> **the Class.**

68.     In the alternative to a nationwide Class, Plaintiff seeks certification of the claims and certain issues in this action, pursuant to *Federal Rule of Civil Procedure* 23 and Cal. Civil Code § 1781, on behalf of a Class defined as:

> **all persons in the State of California who have purchased the**
> **Product for personal use and not for resale, from the period**
> **extending four-years prior to the date of filing this Complaint,**
> **up to and including the date that Notice has been provided to**
> **the Class.**

69.     Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also, excluded

Class Action Complaint

from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

70.     Plaintiff reserves the right to amend the Class definition if further information and discovery indicates that the Class definition should be narrowed, expanded or otherwise modified

71.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of Plaintiff's claims on a class-wide basis using the same evidence as would be used to prove those claims in individual actions alleging the same claims.

**Numerosity—*Federal Rule of Civil Procedure* 23(a)(1)**

72.     The members of the Class are so numerous that it is impracticable to bring all members of the Class before the Court, and thus, individual joinder of all class members is impracticable.  *See also* Cal. Civil Code § 1781(b)(1).

73.     The precise number of members of the Class is unknown to Plaintiff, but it is clear that the number greatly exceeds the number that would make joinder practicable, particularly given Defendants' comprehensive distribution and sales network.

74.     Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

**Commonality and Predominance—*Federal Rules of Civil Procedure* 23(a)(2) and (b)(3)**

75.     This action involves substantially similar common questions of law or fact, which predominate over any questions affecting individual members of the Class.  *See also* Cal. Civil Code § 1781(b)(2).

76.     All members of the Class were exposed to Defendants' deceptive and misleading advertising and marketing claims and/or omissions alleged herein.

77.     Furthermore, common questions of law of fact include:

    a)     Whether Defendants engaged in the conduct as alleged herein;

    b)     Whether Defendants' practices and representations related to the marketing, labeling and sales of the Product was unfair, deceptive, fraudulent, and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. C. §§ 17200, *et seq*.;

Class Action Complaint

    c)   Whether Defendants' practices and representations related to the marketing, labeling and sales of the Product was unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. C. §§ 17500, *et seq.*;

    d)   Whether Defendants violated Cal. Civ. C. §§ 1750, *et seq.* with their practices and representations related to the marketing, labeling and sales of the Product;

    e)   Whether Plaintiff and the other members of the Class are entitled to actual, statutory, or other forms of damages, and/or other monetary relief; and

    f)   Whether Plaintiff and the other members of the Class are entitled to declaratory and equitable relief, including but not limited to injunctive relief, restitution, and disgorgement.

78.    Defendants engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce, individually and on behalf of the other members of the Class.

79.    Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers.

**Typicality—*Federal Rule of Civil Procedure* 23(a)(3)**

80.    Plaintiff's claims or defenses are typical of the claims or defenses of the members of the Class. *See also* Cal. Civil Code § 1781(b)(3).

81.    Plaintiff and members of the Class were comparably injured through Defendants' uniform misconduct described herein, and there are no defenses available to Defendants that are unique to Plaintiff.

**Adequacy of Representation—*Federal Rule of Civil Procedure* 23(a)(4)**

82.    Plaintiff will fairly and adequately protect the interests of the Class. *See also* Cal. Civil Code § 1781(b)(4).

83.    Plaintiff is an adequate representative of the Class because, Plaintiff's interests align with, and do not conflict with, the interests of members of the Class that Plaintiff seeks to represent.

84.     The Class' interests will be fairly and adequately protected by Plaintiff because Plaintiff has retained counsel competent and experienced in consumer protection and complex class action litigation, and Plaintiff will prosecute this action diligently and vigorously. Plaintiff's counsel has represented consumers in a variety of class actions where they have sought to protect consumers from fraudulent and deceptive practices.

**Declaratory and Injunctive Relief—*Federal Rule of Civil Procedure* 23(b)(2)**

85.     Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the members of the Class as a whole.

**Predominance —*Federal Rule of Civil Procedure* 23(b)(3)**

86.     As set forth in detail herein, common issues of fact and law predominate because all of Plaintiff's claims are based on a uniform false and misleading advertising message which all class members were necessarily exposed to.

**Superiority—*Federal Rule of Civil Procedure* 23(b)(3)**

87.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for members of the Class to individually seek redress for Defendants' wrongful conduct.

88.     Even if the members of the Class could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Given the similar nature of the members of the Class' claims and the absence of material or dispositive

Class Action Complaint

1   differences in laws upon which the claims are based, the Class will be easily managed by the

2   Court and the parties.

3                          VI. **CAUSES OF ACTION**

4                              **COUNT I**

5   *Violation of California Business & Professions Code §§ 17500 et seq.*

6   *(Brought on behalf of Plaintiff and the Proposed Class Against Defendant, Transnational*

7                          *Foods, Inc. Only)*

8       89.     Plaintiff re-alleges and fully incorporates by reference all allegations set forth in

9   the preceding paragraphs one (1) through eighty-eight (88) of this Complaint as if fully set forth

10  herein verbatim.

11      90.     Throughout the Class Period, Defendant advertised, labeled, packaged, marketed,

12  distributed, and sold the Product unambiguously claiming it to be Octopus prominently on the

13  Product's front packaging and labeling. However, the Product is not Octopus because it is made

14  with Squid, an inferior form of seafood.

15      91.     Defendant's   advertisements,   mislabeling   and   packaging   and   marketing

16  representations are misleading, untrue, and likely to deceive reasonable consumers.

17      92.     Defendant engaged in its advertising, mislabeling and packaging and marketing

18  campaign with intent to directly induce customers to purchase the Product based on false claims.

19      93.     In violation of California Business and Professions Code, sections 17500, *et seq.*,

20  known as California's False Advertising Law ("FAL"), Defendant disseminated, or caused to be

21  disseminated, the deceptive Product's labeling and advertising representations.

22      94.     Defendant's labeling and advertising representations for the Product is by its very

23  nature unfair, deceptive and/or unlawful within the meaning of Cal. Bus. & Prof. Code §§ 17500

24  *et seq.*

25      95.     According to Cal. Bus. & Prof. Code § 17505: "No person shall state, in an

26  advertisement of his goods, that he is a producer, manufacturer, processor, wholesaler, or

27  importer, or that he owns or controls a factory or other source of supply of goods when such is

28

                              16

not the fact, and no person shall in any other manner misrepresent the character, extent, volume, or type of his business."

96.     Under the FAL, "person" includes any individual, partnership, firm, association, or corporation." Cal. Bus. & Prof. Code § 17506.

97.     The representations were at all material times hereto likely to deceive reasonable consumers, including Plaintiff and members of the Class.

98.     Defendant violated Cal. Bus. & Prof. Code §§ 17500 *et seq.*, in making and disseminating the deceptive representations alleged herein.

99.     Defendant knew or should have known that the representations were false, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class.

100.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and similarly situated purchasers of the Product have suffered economic damages.

101.    Plaintiff was injured in fact and lost money as a result of Defendant's conduct of improperly advertising the Product as described herein.

102.    Plaintiff would not have purchased the Product but for Defendant's misleading statements about the Product.

103.    Pursuant to Bus. & Prof. Code § 17535, Plaintiff, individually and on behalf of all similarly situated purchasers, seeks an order of this Court requiring Defendant to restore to purchasers of the Product all monies that may have been acquired by Defendant as a result of such false, unfair, deceptive and/or unlawful acts or practices. Plaintiff and members of the Class seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief enjoining Defendant from disseminating its untrue and misleading statements, and other relief allowable under California Business & Professions Code Section 17535.

104.    Furthermore, as a result of Defendant's violations of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, Plaintiff and similarly situated purchasers of the Product are entitled to restitution for out-of-pocket expenses and economic harm.

Class Action Complaint

105.     Pursuant to Civil Code § 3287(a), Plaintiff and similarly situated purchasers of the Product are further entitled to pre-judgment interest as a direct and proximate result of Defendants' wrongful conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and similarly situated purchasers of the Product are entitled to interest in an amount according to proof.

## COUNT II

***Violation of the Unfair and Fraudulent Prongs of Cal. Bus. & Prof. Code §§ 17200, et seq.***

***(Brought on behalf of Plaintiff and the Proposed Class Against Defendant, Transnational Foods, Inc. Only)***

106.     Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs one (1) through eighty-eight (88) of this Complaint as if fully set forth herein verbatim.

107.     This cause of action is brought on behalf of Plaintiff and members of the general public, pursuant to California Business and Professions Code, sections 17200 *et seq*., known as California's Unfair Competition Law ("UCL"), which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

108.     According to Cal. Bus. & Prof. Code § 17500: "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or

Class Action Complaint

disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

109.   In its marketing, advertising, labeling and packaging of the Product, Defendant makes false and misleading statements regarding the uses and benefits of the Product.

110.   Throughout the Class Period, Defendant advertised, labeled, packaged, marketed, distributed, and sold the Product unambiguously claiming it to be Octopus prominently on the Product's front packaging and labeling. However, the Product is not Octopus because it is made with an inferior Squid.

111.   The misrepresentations Defendant makes about the Product constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code section 17200, *et seq.*

112.   Defendant committed "unfair" and/or "fraudulent" business acts or practices by, among other things:  (1) engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and members of the Class; (2) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and members of the Class; and (3) engaging in conduct that undermines or violates the spirit or intent of the consumer protection laws alleged herein.

113.   As detailed above, Defendant's unfair and/or fraudulent practices include disseminating false and/or misleading representations regarding the Product.

114.   Defendant is aware that the claims it made about the Product is false, misleading, and likely to deceive reasonable consumers.

115.   Plaintiff would not have purchased the Product but for Defendants' misleading statements about the Product.

116.   Plaintiff was injured in fact and lost money as a result of Defendant's conduct.

Class Action Complaint

117.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth herein.

118.    Defendant's business practices, as alleged herein, are unfair because: (1) the injury to consumers is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) consumers could not reasonably have avoided the information because Defendant intentionally misled the consuming public by means of the claims made with respect to the Product as set forth herein.

119.    Defendant's business practices as alleged herein are fraudulent because they are likely to deceive customers into believing the Product has characteristics, uses and benefits they do not have.

120.    In addition, Defendant's use of various forms of advertising media to advertise, including the Product's labeling, call attention to, or give publicity to, the sale of goods or merchandise which are not as represented in any manner, which constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200, *et seq.*

121.    Defendant's wrongful business practices constituted a continuing course of conduct of unfair competition since Defendant is marketing and selling the Product in a manner likely to deceive the public.

122.    Defendant has peddled its misrepresentations through advertising, including the Product's labeling.

123.    There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

124.    Plaintiff and the putative members of the Class were misled into purchasing the Product by Defendants' deceptive and fraudulent conduct as alleged herein.

125.    Defendant had an improper motive (profit before accurate marketing) in its practices related to the deceptive labeling and advertising of the Product, as set forth above.

Class Action Complaint

126.    The use of such unfair and fraudulent business acts and practices was under the sole control of Defendant, and was deceptively hidden from members of the general public in Defendants' marketing, advertising and labeling of the Product.

127.    As purchasers and consumers of Defendant's Product, and as members of the general public who purchased and consumed the Product, Plaintiff and the Class are entitled to bring this class action seeking all available remedies under the UCL.

128.    Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, individually, and on behalf of the Class, seeks an order of this Court for injunctive relief and disgorging and restoring all monies that have been acquired by Defendant as a result of Defendants' business acts or practices described herein.  Plaintiff, the Class, and the general public may be irreparably harmed or denied an effective and complete remedy in the absence of such an order.

129.    As a result of Defendant's violations of the UCL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

130.    Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendants' unfair and fraudulent conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

## COUNT III

### Violation of the Unlawful Prong of Cal. Bus. & Prof. Code §§ 17200, et seq.

### (Brought on behalf of Plaintiff and the Proposed Class Against Defendant, Transnational Foods, Inc. Only)

131.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs one (1) through eighty-eight (88) of this Complaint as if fully set forth herein verbatim.

132.    This cause of action is brought on behalf of Plaintiff and members of the Class pursuant to California Business and Professions Code, sections 17200 *et seq*., known as California's Unfair Competition Law ("UCL"), which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive,

untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

133.   According to Cal. Bus. & Prof. Code § 17500: "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

134.   As detailed above, Defendant's unlawful practices include disseminating false and/or misleading representations about the Product.

135.   Throughout the Class Period, Defendant advertised, labeled, packaged, marketed, distributed, and sold the Product unambiguously claiming it to be Octopus prominently on the Product's front packaging and labeling. However, the Product is not Octopus because it is made with an inferior Squid.

136.   Plaintiff would not have purchased the Product, but for Defendant's misleading statements about the Product.

137.   Plaintiff was injured in fact and lost money as a result of Defendant's conduct.

138.   Plaintiff paid for the Product, but did not receive what he reasonably expected.

Class Action Complaint

139.   Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth herein.

140.   Defendant's business practices, as alleged herein, are unfair because: (1) the injury to consumers is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) consumers could not reasonably have avoided the information because Defendant intentionally misled the consuming public by means of the claims made with respect to the Product as set forth herein.

141.   In its marketing and advertising, Defendant makes false and misleading statements regarding the uses and benefits of the Product.

142.   Such marketing, advertising and sale of the Product by Defendant is unlawful because (1) they are violating sections 1770(a)(5), 1770(a)(7) and 1770(a)(9) of the CLRA, California Civil Code section 1750, *et seq.*; and (2) they are violating the FAL, California Business & Professions Code section 17500, *et seq.*

143.   Because Defendant's business conduct in advertising, marketing and selling the Product using false and misleading statements, in violation of the CLRA, FAL, and/or other federal and state laws or regulations, it constitutes a per se violation of the "unlawful" prong of the UCL.

144.   As purchasers and consumers of Defendant's Product, and as members of the general public who purchased and used the Product, Plaintiff and the Class are entitled to and bring this class action seeking all available remedies under the UCL.

145.   Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, individually and on behalf of the Class, seeks an order of this Court for injunctive relief and disgorging and restoring all monies that may have been acquired by Defendant as a result of such unlawful business acts or practices.  Plaintiff, the Class and the general public may be irreparably harmed and/or denied an effective and complete remedy in the absence of such an order.

146.   As a result of Defendant's violations of the UCL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

Class Action Complaint

147.    Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendants' unlawful business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

### COUNT IV

***Violation of the California Consumers Legal Remedies Act – Cal. Civ. Code §§ 1750, et seq.***

***(Brought on behalf of Plaintiff and the Proposed Class Against Defendant, Transnational Foods, Inc. Only)***

148.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs one (1) through eighty-eight (88) of this Complaint as if fully set forth herein verbatim.

149.    This cause of action is brought pursuant to California's Consumers Legal Remedies Act, California Civil Code, sections 1750 *et seq.* ("CLRA").

150.    Throughout the Class Period, Defendant advertised, labeled, packaged, marketed, distributed, and sold the Product unambiguously claiming it to be Octopus prominently on the Product's front packaging and labeling. However, the Product is not Octopus because it is made with an inferior Squid.

151.    This cause of action seeks monetary damages and injunctive relief pursuant to California Civil Code § 1782.

152.    Defendant's actions, representations, and conduct have violated the CLRA, because they extend to transactions that are intended to result, or that have resulted, in the sale of goods to consumers.

153.    Under the CLRA, "'Person' means an individual, partnership, corporation, limited liability company, association, or other group, however organized." Cal. Civil Code § 1761(c).

154.    Plaintiff and all members of the Class are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

155.    Defendant sold the Product, which is a "good" within the meaning of California Civil Code § 1761(a), to Plaintiff and other members of the Class during the Class Period.

Class Action Complaint

156. Plaintiff is an individual who purchased the Product for personal use.

157. The purchases of the Product by Plaintiff and purchasers of the Product were and are "transactions" within the meaning of Civil Code §1761(e).

158. Defendant's marketing, labeling and advertising and sales of the Product violated the CLRA in at least the following respects as set forth in detail above:

    a.   In violation of Civil Code §1770(a)(5), Defendant represented that the Product has characteristics, ingredients, uses, and benefits which it does not have;

    b.   In violation of Civil Code §1770(a)(7), Defendant represented that the Product is of a particular standard, quality, or grade, which it is not;

    c.   In violation of Civil Code §1770(a)(9), Defendant advertised the Product with an intent not to sell the Product as advertised; and

    d.   In violation of Civil Code §1770(a)(16), Defendant represented that the subject of the sale of the Product has been supplied in accordance with a prior representation when it has not.

159. Defendant knew or should have known about the Product's misrepresentation and omissions.

160. Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of same.

161. Defendant's wrongful business practices constitute a continuing course of conduct in violation of the CLRA.

162. Plaintiff and other members of the putative Class have suffered injury in fact and have lost money as a result of Defendants' misrepresentations.

163. Plaintiff seeks an award of restitution and actual damages in accordance with the provisions of the CLRA.

164. Plaintiff also seeks equitable relief in the form of an order for injunctive relief:

    a)   Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described above;

Class Action Complaint

b) Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described above; and

c) Enjoining Defendant from engaging, using, or employing its advertising and marketing tactics to sell the Product, as described above.

165. Pursuant to the notice requirements under the CLRA, on or about May 12, 2017, Plaintiff sent Defendant a letter via U.S.P.S. Certified Mail, notifying Defendant in writing of the particular violations of the CLRA, and demanding that Defendant take certain corrective actions within the mandated thirty (30) day time period. In the event Defendant fails to adequately respond within the thirty (30) day time-period, Plaintiff intends to amend this Complaint to include a request for punitive damages and statutory damages pursuant to the CLRA.

166. Pursuant to the CLRA, Plaintiff separately seeks, and is entitled to, costs, attorney's fees, and any other applicable relief allowable under the CLRA.

## COUNT V

### *Negligent Misrepresentation*

***(Brought on behalf of Plaintiff and the Proposed Class Against Defendant, Transnational, Foods, Inc. Only)***

167. Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs one (1) through eighty-eight (88) of this Complaint as if fully set forth herein verbatim.

168. Throughout the Class Period, Defendant, Transnational, advertised, labeled, packaged, marketed, distributed, and sold the Product unambiguously claiming it to be Octopus prominently on the Product's front packaging and labeling. However, the Product is not Octopus because it is made with an inferior Squid.

169. Defendant, Transnational, had no reasonable grounds for believing its representations were true.

170. Defendant, Transnational, should have known about the Product's misrepresentations.

Class Action Complaint

171.    Throughout or during the Class Period, Defendant, Transnational, knew or should have known that it was representing, stating, advertising, packaging, marketing, distributing, and/or selling Squid in the Product, and not Octopus, like it had been representing to consumers, like Plaintiff and members of the Class, during the Class Period.

172.    In making these representations to Plaintiff and the Class, Defendant, Transnational, intended to induce Plaintiff and the Class to purchase the Product.

173.    At all times herein, Plaintiff and the Class were unaware of the falsity of Defendant, Transnational's statement that the Product is Octopus.

174.    Plaintiff and the Class reasonably acted in response to the statements made by Defendant, Transnational, when they purchased the Product.

175.    As a direct and proximate result of Defendant, Transnational's misrepresentation regarding the Product, Plaintiff and Class members purchased the Product, to their detriment.

176.    Accordingly, Plaintiff and the Class have suffered economic damages as a result of Defendant, Transnational's misrepresentation, in an amount to be determined at trial.

## COUNT VI

### *Violation of California Business & Professions Code §§ 17500 et seq.*

### *(Brought on behalf of Plaintiff and the Proposed Class Against Defendant, Conservas Cerqueira, S.A. Only)*

177.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs one (1) through eighty-eight (88) of this Complaint as if fully set forth herein verbatim.

178.    Throughout the Class Period, Defendant, Conservas Cerqueira, S.A. ("Cerqueira") advertised, labeled, packaged, marketed, distributed, supplied and sold the Product unambiguously claiming it to be Octopus prominently on the Product's front packaging and labeling. However, the Product is not Octopus because it is made with Squid, an inferior seafood.

179.    Defendant's advertisements, mislabeling and packaging and marketing representations are misleading, untrue, and likely to deceive reasonable consumers.

180.    Defendant engaged in its advertising, mislabeling and packaging and marketing campaign with intent to directly induce customers to purchase the Product based on false claims.

181.    In violation of California Business and Professions Code, sections 17500, *et seq.*, known as California's False Advertising Law ("FAL"), Defendant disseminated, or caused to be disseminated, the deceptive Product's labeling and advertising representations.

182.    Defendant's labeling and advertising representations for the Product is by its very nature unfair, deceptive and/or unlawful within the meaning of Cal. Bus. & Prof. Code §§ 17500 *et seq.*

183.    According to Cal. Bus. & Prof. Code § 17505: "No person shall state, in an advertisement of his goods, that he is a producer, manufacturer, processor, wholesaler, or importer, or that he owns or controls a factory or other source of supply of goods when such is not the fact, and no person shall in any other manner misrepresent the character, extent, volume, or type of his business."

184.    Under the FAL, "person" includes any individual, partnership, firm, association, or corporation." Cal. Bus. & Prof. Code § 17506.

185.    The representations were at all material times hereto likely to deceive reasonable consumers, including Plaintiff and members of the Class.

186.    Defendant violated Cal. Bus. & Prof. Code §§ 17500 *et seq.*, in making and disseminating the deceptive representations alleged herein.

187.    Defendant knew or should have known that the representations were false, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class.

188.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and similarly situated purchasers of the Product have suffered economic damages.

189.    Plaintiff was injured in fact and lost money as a result of Defendants' conduct of improperly advertising the Product as described herein.

190.    Plaintiff would not have purchased the Product but for Defendant's misleading statements about the Product.

Class Action Complaint

191.    Pursuant to Bus. & Prof. Code § 17535, Plaintiff, individually and on behalf of all similarly situated purchasers, seeks an order of this Court requiring Defendant to restore to purchasers of the Product all monies that may have been acquired by Defendant as a result of such false, unfair, deceptive and/or unlawful acts or practices. Plaintiff and members of the Class seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief enjoining Defendant from disseminating its untrue and misleading statements, and other relief allowable under California Business & Professions Code Section 17535.

192.    Furthermore, as a result of Defendant's violations of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, Plaintiff and similarly situated purchasers of the Product are entitled to restitution for out-of-pocket expenses and economic harm.

193.    Pursuant to Civil Code § 3287(a), Plaintiff and similarly situated purchasers of the Product are further entitled to pre-judgment interest as a direct and proximate result of Defendants' wrongful conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and similarly situated purchasers of the Product are entitled to interest in an amount according to proof.

## COUNT VII

### *Violation of the Unfair and Fraudulent Prongs of Cal. Bus. & Prof. Code §§ 17200, et seq.*

### *(Brought on behalf of Plaintiff and the Proposed Class Against Defendant, Conservas Cerqueira, S.A. Only)*

194.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs one (1) through eighty-eight (88) of this Complaint as if fully set forth herein verbatim.

195.    This cause of action is brought on behalf of Plaintiff and members of the putative Class, against Defendant, Conservas Cerqueira, S.A. ("Cerqueira"), pursuant to California Business and Professions Code, sections 17200 *et seq*., known as California's Unfair Competition Law ("UCL"), which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising

29

and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

196.    According to Cal. Bus. & Prof. Code § 17500: "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

197.    In its marketing, advertising, labeling and packaging of the Product, Defendant makes false and misleading statements regarding the uses and benefits of the Product.

198.    Throughout the Class Period, Defendant advertised, labeled, packaged, marketed, distributed, and sold the Product unambiguously claiming it to be Octopus prominently on the Product's front packaging and labeling. However, the Product is not Octopus because it is made with an inferior Squid.

199.    The misrepresentations Defendant makes about the Product constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code section 17200, *et seq.*

200.    Defendant committed "unfair" and/or "fraudulent" business acts or practices by, among other things:  (1) engaging in conduct where the utility of such conduct, if any, is

30

outweighed by the gravity of the consequences to Plaintiff and members of the Class; (2) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and members of the Class; and (3) engaging in conduct that undermines or violates the spirit or intent of the consumer protection laws alleged herein.

201.    As detailed above, Defendant's unfair and/or fraudulent practices include disseminating false and/or misleading representations regarding the Product.

202.    Defendant is aware that the claims it made about the Product is false, misleading, and likely to deceive reasonable consumers.

203.    Plaintiff would not have purchased the Product but for Defendant's misleading statements about the Product.

204.    Plaintiff was injured in fact and lost money as a result of Defendant's conduct.

205.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein.

206.    Defendant's business practices, as alleged herein, are unfair because: (1) the injury to consumers is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) consumers could not reasonably have avoided the information because Defendant intentionally misled the consuming public by means of the claims made with respect to the Product as set forth herein.

207.    Defendant's business practices as alleged herein are fraudulent because they are likely to deceive customers into believing the Product has characteristics, uses and benefits they do not have.

208.    In addition, Defendant's use of various forms of advertising media to advertise, including the Product's labeling, call attention to, or give publicity to, the sale of goods or merchandise which are not as represented in any manner, which constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200, *et seq.*

Class Action Complaint

209.   Defendant's wrongful business practices constituted a continuing course of conduct of unfair competition since Defendant is marketing and selling the Product in a manner likely to deceive the public.

210.   Defendant has peddled its misrepresentations through advertising, including the Product's labeling.

211.   There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

212.   Plaintiff and the putative members of the Class were misled into purchasing the Product by Defendants' deceptive and fraudulent conduct as alleged herein.

213.   Defendant had an improper motive (profit before accurate marketing) in its practices related to the deceptive labeling and advertising of the Product, as set forth above.

214.   The use of such unfair and fraudulent business acts and practices was under the sole control of Defendant, and was deceptively hidden from members of the general public in Defendants' marketing, advertising and labeling of the Product.

215.   As purchasers and consumers of Defendant's Product, and as members of the general public who purchased and consumed the Product, Plaintiff and the Class are entitled to bring this class action seeking all available remedies under the UCL.

216.   Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, individually, and on behalf of the Class, seeks an order of this Court for injunctive relief and disgorging and restoring all monies that have been acquired by Defendant as a result of Defendants' business acts or practices described herein.  Plaintiff, the Class, and the general public may be irreparably harmed or denied an effective and complete remedy in the absence of such an order.

217.   As a result of Defendant's violations of the UCL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

218.   Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendants' unfair and fraudulent conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

Class Action Complaint

**COUNT VIII**

*Violation of the Unlawful Prong of Cal. Bus. & Prof. Code §§ 17200, et seq.*

*(Brought on behalf of Plaintiff and the Proposed Class Against Defendant, Conservas*

*Cerqueira, S.A. Only)*

219.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs one (1) through eighty-eight (88) of this Complaint as if fully set forth herein verbatim.

220.    This cause of action is brought on behalf of Plaintiff and members of the putative Class, against Defendant, Conservas Cerqueira, S.A. ("Cerqueira"), pursuant to California Business and Professions Code, sections 17200 *et seq.*, known as California's Unfair Competition Law ("UCL"), which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

221.    According to Cal. Bus. & Prof. Code § 17500: "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement

as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

222.   As detailed above, Defendant's unlawful practices include disseminating false and/or misleading representations about the Product.

223.   Throughout the Class Period, Defendant advertised, labeled, packaged, marketed, distributed, and sold the Product unambiguously claiming it to be Octopus prominently on the Product's front packaging and labeling. However, the Product is not Octopus because it is made with an inferior Squid.

224.   Plaintiff would not have purchased the Product, but for Defendant's misleading statements about the Product.

225.   Plaintiff was injured in fact and lost money as a result of Defendant's conduct.

226.   Plaintiff paid for the Product, but did not receive what he reasonably expected.

227.   Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein.

228.   Defendant's business practices, as alleged herein, are unfair because: (1) the injury to consumers is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) consumers could not reasonably have avoided the information because Defendant intentionally misled the consuming public by means of the claims made with respect to the Product as set forth herein.

229.   In its marketing and advertising, Defendant makes false and misleading statements regarding the uses and benefits of the Product.

230.   Such marketing, advertising and sale of the Product by Defendant is unlawful because (1) they are violating sections 1770(a)(5), 1770(a)(7) and 1770(a)(9) of the CLRA, California Civil Code section 1750, *et seq.*; and (2) they are violating the FAL, California Business & Professions Code section 17500, *et seq.*

231.   Because Defendant's business conduct in advertising, marketing and selling the Product using false and misleading statements, in violation of the CLRA, FAL, and/or other

Class Action Complaint

federal and state laws or regulations, it constitutes a per se violation of the "unlawful" prong of the UCL.

232.    As purchasers and consumers of Defendant's Product, and as members of the general public who purchased and used the Product, Plaintiff and the Class are entitled to and bring this class action seeking all available remedies under the UCL.

233.    Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, individually and on behalf of the Class, seeks an order of this Court for injunctive relief and disgorging and restoring all monies that may have been acquired by Defendant as a result of such unlawful business acts or practices.  Plaintiff, the Class and the general public may be irreparably harmed and/or denied an effective and complete remedy in the absence of such an order.

234.    As a result of Defendant's violations of the UCL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

235.    Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unlawful business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

## COUNT IX

*Violation of the California Consumers Legal Remedies Act – Cal. Civ. Code §§ 1750, et seq.*

*(Brought on behalf of Plaintiff and the Proposed Class Against Defendant, Conservas*

*Cerqueira, S.A. Only)*

236.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs one (1) through eighty-eight (88) of this Complaint as if fully set forth herein verbatim.

237.    This cause of action is brought pursuant to California's Consumers Legal Remedies Act, California Civil Code, sections 1750 *et seq.* ("CLRA").

238.    Throughout the Class Period, upon information and belief, Defendant, Conservas Cerqueira, S.A. ("Cerqueira"), distributed, supplied, and/or sold the Squid in the Product by representing, stating, advertising, packaging, and marketing it as being Octopus.  However, Squid

Class Action Complaint

is an inferior, less-desirable, and cheaper form of seafood, in far-less demand, and much greater supply than Octopus.

239.    This cause of action seeks monetary damages and injunctive relief pursuant to California Civil Code § 1782.

240.    Defendant's actions, representations, and conduct have violated the CLRA, because they extend to transactions that are intended to result, or that have resulted, in the sale of goods to consumers.

241.    Under the CLRA, "'Person' means an individual, partnership, corporation, limited liability company, association, or other group, however organized." Cal. Civil Code § 1761(c).

242.    Plaintiff and all members of the Class are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

243.    Defendant sold the Product, which is a "good" within the meaning of California Civil Code § 1761(a), to Plaintiff and other members of the Class during the Class Period.

244.    Plaintiff is an individual who purchased the Product for personal use.

245.    The purchases of the Product by Plaintiff and purchasers of the Product were and are "transactions" within the meaning of Civil Code §1761(e).

246.    Defendant's marketing, labeling and advertising and sales of the Product violated the CLRA in at least the following respects as set forth in detail above:

      e.    In violation of Civil Code §1770(a)(5), Defendant represented that the Product has characteristics, ingredients, uses, and benefits which it does not have;

      f.    In violation of Civil Code §1770(a)(7), Defendant represented that the Product is of a particular standard, quality, or grade, which it is not;

      g.    In violation of Civil Code §1770(a)(9), Defendant advertised the Product with an intent not to sell the Product as advertised; and

      h.    In violation of Civil Code §1770(a)(16), Defendant represented that the subject of the sale of the Product has been supplied in accordance with a prior representation when it has not.

Class Action Complaint

247.   Defendant knew or should have known about the Product's misrepresentation and omissions.

248.   Defendant, Cerqueira, increased its profits by being able to charge more for its Squid, by representing it as being Octopus because Octopus has more value and is more expensive than Squid.

249.   Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of same.

250.   Defendants' wrongful business practices constitute a continuing course of conduct in violation of the CLRA.

251.   Plaintiff and other members of the putative Class have suffered injury in fact and have lost money as a result of Defendants' misrepresentations.

252.   Plaintiff seeks an award of restitution and actual damages in accordance with the provisions of the CLRA.

253.   Plaintiff also seeks equitable relief in the form of an order for injunctive relief:

    a)   Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described above;

    b)   Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described above; and

    c)   Enjoining Defendant from engaging, using, or employing its advertising and marketing tactics to sell the Product, as described above.

254.   Pursuant to the notice requirements under the CLRA, on or about May 12, 2017, Plaintiff sent Defendant a letter via U.S.P.S. Certified Mail, notifying Defendant in writing of the particular violations of the CLRA, and demanding that Defendant take certain corrective actions within the mandated thirty (30) day time period.   In the event Defendant fails to adequately respond within the thirty (30) day time-period, Plaintiff intends to amend this Complaint to include a request for punitive damages and statutory damages pursuant to the CLRA.

255.   Pursuant to the CLRA, Plaintiff separately seeks, and is entitled to, costs, attorney's fees, and any other applicable relief allowable under the CLRA.

**COUNT X**

*Negligent Misrepresentation*

**(Brought on behalf of Plaintiff and the Proposed Class Against Defendant, Conservas**

**Cerqueira, S.A. Only)**

256.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs one (1) through eighty-eight (88) of this Complaint as if fully set forth herein verbatim.

257.    Throughout the Class Period, upon information, investigation, and belief, Defendant, Conservas Cerqueira, S.A. ("Cerqueira"), represented that the Squid in the Product was Octopus. However, Squid is an inferior, less-desirable, and cheaper form of seafood, in far-less demand, and much greater supply than Octopus.

258.    Defendant, Cerqueira, knew or should have known that the Product is not Octopus, as it claims, because it supplied Squid, and not Octopus, for the Product.

259.    Defendant, Cerqueira, had no reasonable grounds for believing the Product's Octopus representation, statement, and/or claim was true.

260.    In misrepresenting that the Product is Octopus, when it is really Squid, to Plaintiff and the Class, Defendant, Cerqueira, induced Plaintiff and the Class to purchase the Product.

261.    At all material times herein, Plaintiff and the Class were unaware that the Product contains Squid, and not Octopus, and thus, were unaware of the falsity of the Product's representation.

262.    Plaintiff and the Class reasonably acted in response to the representations made by Defendant, Cerqueira, when they purchased the Product.

263.    As a direct and proximate result of Defendant, Cerqueira's, misrepresentation regarding the Product, Plaintiff and Class members purchased the Product, to their detriment.

264.    Accordingly, Plaintiff and the Class have suffered economic damages as a result of Defendant, Cerqueira's misrepresentation, in an amount to be determined at trial.

**COUNT XI**

Class Action Complaint

***Intentional Misrepresentation***

***(Brought on behalf of Plaintiff and the Proposed Class Against Defendant, Conservas***

***Cerqueira, S.A. Only)***

265.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs one (1) through eighty-eight (88) of this Complaint as if fully set forth herein verbatim.

266.    Throughout the Class Period, upon information, investigation, and belief, Defendant, Conservas Cerqueira, S.A. ("Cerqueira"), represented that the Squid in the Product was Octopus.  However, Squid is an inferior, less-desirable, and cheaper form of seafood, in far-less demand, and much greater supply than Octopus.

267.    Defendant, Cerqueira, knows or knew that the Product is not Octopus, as it claims, because it supplied Squid, and not Octopus, for the Product.

268.    Defendant, Cerqueira, had no grounds, reasonable or unreasonable, for believing the Product's Octopus representation, statement, and/or claim was true.

269.    In misrepresenting that the Product is Octopus, when it is really Squid, to Plaintiff and the Class, Defendant, Cerqueira, intended to induce Plaintiff and the Class to purchase the Product.

270.    At all material times herein, Plaintiff and the Class were unaware that the Product contains Squid, and not Octopus, and thus, were unaware of the falsity of the Product's representation.

271.    Plaintiff and the Class reasonably acted in response to the representations made by Defendant, Cerqueira, when they purchased the Product.

272.    As a direct and proximate result of Defendant, Cerqueira's, intentional misrepresentation regarding the Product, Plaintiff and Class members purchased the Product, to their detriment.

273.    Accordingly, Plaintiff and the Class have suffered economic damages as a result of Defendant, Cerqueira's misrepresentation, in an amount to be determined at trial.

## VII. __PRAYER FOR RELIEF__

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for a judgment and relief on all causes of action as follows:

A.      For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys as Class counsel.

B.      For an award of equitable relief as follows:

i.      Enjoining Defendants from making any Octopus claims for the Product found to violate the UCL, FAL, or CLRA as set forth above;

ii.     Requiring Defendants to make full restitution of all monies wrongfully obtained as a result of the conduct as set for above;

iii.    Requiring Defendants to disgorge all ill-gotten gains flowing from the conduct as set forth above.

C.      For actual damages in an amount to be determined at trial.

D.      For punitive damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1780(a)(4).

E.      For an award of attorneys' fees pursuant to, *inter alia*, Cal. Civil Code § 1780(d), and California Code of Civil Procedure § 1021.5.

F.      For an award of costs.

G.      For such further relief this Court deems just, appropriate, or proper.

H.      For pre- and post-judgment interest on any amounts awarded.

## VIII. JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

**DATED: June 27, 2017**                          **Respectfully Submitted By**,

                                                 */s/_Benjamin M. Lopatin_____*
                                                 Benjamin M. Lopatin (Cal. Bar No. 281730)
                                                 **EGGNATZ, LOPATIN & PASCUCCI, LLP**
                                                 1425 Irving Street
                                                 San Francisco, California 94122
                                                 Telephone:      (415) 379-4612
                                                 Facsimile:      (415) 520-2262
                                                 Email:          BLopatin@ELPLawyers.com

                                                           Class Action Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James P. Gitkin, Esq.
**SALPETER GITKIN, LLP**
One East Broward Blvd., Suite 1500
Ft. Lauderdale, FL 33301
Phone.954-467-8622
Facsimile.954-467-8623
Direct Dial.954-302-6391
Email: jim@salpetergitkin.com
(To be Admitted *Pro Hac Vice*)

*Counsel for Plaintiff Vivian Lejbman*
*and the Proposed Class*

Class Action Complaint