UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIAN LEJBMAN individually and on behalf of all others similarly situated,, <br><br> Plaintiff, <br><br> v. <br><br> TRANSNATIONAL FOODS, INC., a Florida corporation, et al., <br><br> Defendants. | Case No.: 17-CV-1317-CAB-MDD <br><br> **ORDER ON MOTIONS TO DISMISS** <br> **[Doc. Nos. 33, 34]** |

This matter comes before the Court on Defendant Transnational Foods Inc.'s ("Transnational") and Defendant Conservas Cerqueira, S.A.'s ("Cerqueira") (collectively "Defendants") motions to dismiss. [Doc. Nos. 33, 34.] The motions have been fully briefed and the Court finds them suitable for determination on the papers submitted and without oral arguments in accordance with Civil Local Rule 7.1(d)(1).

## I. Background

On June 27, 2017, Plaintiff filed a consumer protection class action complaint against Transnational and Cerqueira, seeking damages and equitable relief for the alleged false representations and omissions regarding Defendants' marketing, advertising, labeling, packaging, distributing and selling of the Pampa Octopus products. [Doc. No. 1, ¶¶ 1-6.] The complaint alleged violations of California's False Advertising Law ("FAL") Business & Professions Code § 17500, *et seq.;* the Unfair Competition Law, Business & Professions Code § 17200, *et seq.* ("UCL"); California's Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA"); negligent misrepresentation; and

intentional misrepresentation. The complaint alleged the Court had jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

On December 1, 2017, Plaintiff filed the First Amended Complaint ("FAC"). [Doc. No. 20.] The FAC asserted similar claims against Defendants concerning the three of the Pampa Octopus Products (the "Product").[1] [Doc. No. 20 at ¶ 1.] Plaintiff sought to represent a nationwide class consisting of "all person in the United States who have purchased the Product for personal use and not for resale, from the period of four-years prior to the date of filing this Complaint, up to an including the date that Notice has been provided to the Class." [*Id*. at ¶ 81.] In the alternative, Plaintiff sought to represent "all persons in the State of California" who have purchased the product. [*Id*. at ¶ 82.] On December 15, 2017, Defendants each moved to dismiss Plaintiff's FAC. [Doc. Nos. 22, 23.]

On March 12, 2018, the Court granted in part and denied in part the motions to dismiss. [Doc. No. 30.] Plaintiff was given leave to amend the claim brought on behalf of the nationwide class, but was cautioned that if she chose to do so she would need to demonstrate the threshold requirement that California had significant contact or significant aggregation of contacts to the claims of each class member. [*Id.* at 10.] Plaintiff was also ordered to show cause, if she chose not amend to restate the nationwide class claims, why this action should not be dismissed for lack of subject matter jurisdiction. [*Id.* at 13.] Specifically, Plaintiff was directed to "provide the Court with evidence that $5,000,000 is in controversy based on the remaining California class claims." [*Id.*]

On March 19, 2018, Plaintiff filed a Notice of her intention to file an amended complaint "addressing the standing issue related to the claims brought on behalf of the nationwide class." [Doc. No. 31.] On April 2, 2018, Plaintiff filed the Second Amended

---

[1] The Pampa Octopus products at issue are the following three flavor varieties: (1) Pampa Octopus in Garlic Sauce; (2) Pampa Giant Spiced Octopus in Marinara Sauce; and (3) Pampa Fancy Octopus in Vegetable Oil.

Complaint ("SAC"). [Doc. No. 32.] The SAC asserts the same causes of action as the FAC and seeks to represent a class consisting of "all persons in the State of California who have purchased the Produce for personal use and not for resale, from the period extending four-years prior to the date of filing this Complaint, up to and including the date that Notice has been provided to the Class." [*Id.* at ¶ 81.] Noticeably absent from the complaint are any allegations related to claims being made on behalf of a nationwide class. Like its predecessors, the SAC states that the Court has jurisdiction because it is a class action arising under CAFA and "Plaintiff [has] allege[d] that the total claims of the individual members of the Plaintiff class in this action are in excess of $5,000,000.00, in the aggregate, exclusive of interests and costs, and as set forth below, diversity of citizenship exists under CAFA because Plaintiff is a citizen of the State of California and Defendants can be considered citizens of States other than California." [*Id.* at ¶ 7.]

On April 16, 2018, Defendants each moved to dismiss Plaintiff's SAC on jurisdictional grounds under Federal Rule of Civil Procedure 12(b)(1). [Doc. Nos. 33, 34.] On May 8, 2018, Plaintiff filed her response in opposition along with a redline copy of the SAC. [Doc. Nos. 35, 36.] On May 14, 2018, the replies were filed. [Doc. Nos. 37, 38.]

**I.    Discussion**

Pursuant to CAFA, federal district courts have original subject matter jurisdiction over class actions in which a member of the plaintiff class is a citizen of a state different from any defendant and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S. C. § 1332(d)(2).

As this Court has explained previously, when considering whether a plaintiff has established CAFA jurisdiction in cases originally filed in federal court, courts should evaluate the allegations related to the amount in controversy in the complaint "in the same manner as it would evaluate contest jurisdictional allegations in a notice of removal that that the amount in controversy exceeded $5,000,000." *Petkevicius v. NBTY, Inc, et al.*, Case No.: 3:14-cv-02616-CAB-(RBB), 2017 WL 1113295, at *4 (S.D. Cal. Mar. 24, 2017). This means that "when the amount in controversy is contested, 'both sides submit proof

3

17-CV-1317-CAB-MDD

and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" *Harris v. CVS Pharmacy, Inc.*, No. EDCV1302329ABAGRX, 2015 WL 4694947, at *3 (C.D. Cal. Aug. 6, 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 550 (2014)).

Here, the filing of the SAC absent any nationwide class allegations has resulted in the parties disputing whether the amount in controversy exceeds the $5,000,000. Defendants have moved to dismiss on lack of subject matter jurisdiction grounds, asserting that Plaintiff has failed to allege damages sufficient to establish that CAFA's amount in controversy requirement has been met. [Doc. Nos. 33, 35.] In support Defendant Transnational has submitted the declaration of Juan Iribane, its Chief Financial Officer. [Doc. No. 33-3.] Mr. Iribarne attests that during the period of June 27, 2013 – May 31, 2016[2] Transnational's sales of octopus products to its only two retailer customers in the State of California, Wal-Mart Stores, Inc. and Big Lotts [sic], totaled $185,318.48. [Doc. No. 33-3 at ¶¶ 4, 6.]

In contrast, Plaintiff has submitted no evidence that CAFA's amount in controversy requirement has been met. Not only did Plaintiff fail to produce evidence in response to the Court's order to show regarding the amount in controversy, the SAC simply contains the conclusory allegation that the "total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000." [Doc. No. 32 at ¶7] Plaintiff's response in opposition fairs little better. A passing reference to unspecified, possible damages that could potentially be available to an indeterminate number of class members under the CLRA and UCL is not evidence upon which the Court's determination can rest. [Doc. No. 35 at 4] For example, although the SAC lists punitive damages in its prayer for relief, it makes no specific request regarding the amount being sought in way of punitive damages and Plaintiff has provided no evidentiary support as to the possible amount of such an

---

[2] The time spanning the proposed Class Period until Transnational ceased sales of octopus products to its retail customers in the State of California.

award, therefore, the mere fact that punitive damages are included in the SAC does not help Plaintiff satisfy the CAFA jurisdictional minimum. *See Petkevicius,* 2017 WL 1113295, at * 9 (collecting district court cases within the Ninth Circuit that have held that punitive damages should not be included in the amount of controversy unless the party with the burden presents evidence of a possible punitive damage award, usually in the form of punitive damages awards in factually analogous cases). Similarly, Plaintiff's suggestion that Mr. Iribarne's declaration is not "helpful or reliable in figuring out the aggregate amount in controversy and does not represent the total amount," [Doc. No. 35 at 4] is unsupported by any evidence and is of little use to the Court.

Having twice afforded Plaintiff the opportunity to prove that the amount in controversy here meets the $5,000,000 CAFA threshold, and having twice failed, the Court has determined that it does not have subject matter jurisdiction over this case.

**II. Conclusion**

Lacking subject matter jurisdiction over this case, Defendants' motions to dismiss [Doc. Nos. 33, 34] are **GRANTED**. Accordingly, it is hereby **ORDERED** that Plaintiff's individual claims and the ones she asserts on behalf of the California class are **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

It is **SO ORDERED**.

Dated: May 15, 2018

_____

Hon. Cathy Ann Bencivengo
United States District Judge